UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANKIE M. JACQUES,

       Plaintiff,

v.                             CASE No. 8:05-CV-1709-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.
_____

O R D E R

       The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[*]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

       The plaintiff, who was fifty-two years old at the time of the administrative hearing and who has a high school education (Tr. 121, 317), has been employed primarily as a secretary, but has also worked as a rate

_____

     [*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

clerk, customer service assistant, intake clerk and as a commission sales person (Tr. 76, 89, 98, 124). She filed her current claims for Social Security disability benefits and supplemental security income payments in May 2002, alleging that, as of October 15, 2001, she became disabled due to emphysema and back problems related to a previous surgery (Tr. 53, 115). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff had a severe impairment of degenerative disc disease of the lumbar spine with a remote history of laminectomy (Tr. 20). The law judge concluded that this impairment restricted the plaintiff to sedentary work that involves only occasional climbing, stooping and crouching (Tr. 21). The law judge also included the restrictions of avoiding concentrated exposure to fumes, odors, dust, gases, poor ventilation, and hazards (<u>id</u>.). She determined, based upon the testimony of the vocational expert, that the plaintiff could return to her past relevant work as a secretary (Tr. 22, 23). Accordingly, the law judge decided that the plaintiff was not disabled (<u>id</u>.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses.  <u>Grant</u> v. <u>Richardson</u>, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

Although the plaintiff has complained of several problems, her memorandum in this case focuses on her allegation of back pain.  The law judge recognized that the plaintiff has a severe impairment due to a back condition.  The law judge concluded that the back problem limited the plaintiff to sedentary work, but did not render her totally disabled.

In the preliminary statement of her memorandum, the plaintiff asserts that the law judge erred (1) in rejecting her complaints of pain and (2)

in rejecting the opinions of her treating physicians in favor of opinions of non-examining and non-treating doctors (Doc. 23, p. 1).  The plaintiff does not set forth any meaningful argument with respect to the law judge's handling of treating physicians' opinions (see id., pp. 6-8).  In light of the express requirement of the Scheduling Order to develop arguments by citation to facts and the law (Doc. 13), this argument is deemed abandoned.

Nevertheless, it is appropriate to address this point briefly because it erroneously suggests that there were opinions from treating physicians that opined that the plaintiff was totally disabled, or at least more restricted than the law judge found.  In fact, there were no statements from treating physicians regarding functional limitations.  One treating physician, as the law judge noted, said that he could not comment on the plaintiff's work capacity without further evaluation (Tr. 285), and the record does not indicate that such an evaluation was ever performed.

Furthermore, contrary to the plaintiff's suggestion, the law judge did not rely upon opinions of non-examining reviewing physicians.  Rather, the law judge stated that, based on new medical evidence from the treating source, the non-examining physicians' opinions were no longer fully supported by the record (Tr. 22).

Consequently, the only issue raised by the plaintiff is that the law judge erred in rejecting the plaintiff's testimony of disabling back pain. That contention, however, lacks merit.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, the subjective complaints are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of those complaints. She must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See,

e.g., <u>Walker</u> v. <u>Bowen</u>, 826 F.2d 996, 1004 (11th Cir. 1987); <u>Johns</u> v. <u>Bowen</u>, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." <u>Hand</u> v. <u>Heckler</u>, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985). Thus, if the law judge discredits the plaintiff's subjective testimony, she must articulate explicit and adequate reasons for doing so. <u>Wilson</u> v. <u>Barnhart</u>, 284 F.3d 1219, 1225 (11th Cir. 2002).

The law judge recognized the proper standard for evaluating subjective complaints. Indeed, she cited Eleventh Circuit decisions, as well as the pertinent regulations and Social Security Ruling (Tr. 20). Moreover, the law judge explained her credibility determination in detail as follows:

> The claimant's statements concerning her impairments and their impact on her ability to work are considerably more limited and restricted than is established by the medical evidence. For this reason and the reasons discussed below, her statements are found to be not entirely credible.
>
> The claimant appears to exaggerate the amount of pain she experiences as there are no objective

findings to support the degree of pain alleged by the claimant. An examining physician as well as the claimant's treating physician has indicated symptoms are exaggerated and out of proportion to physical findings. The examining physician also notes the claimant is on a sedating type of muscle relaxant and has become dependent on pain medications. The claimant's treating physician is unable to find any reason why the claimant's pain is not improving.

The claimant is in pain management and receiving steroid injections but reports no improvement and physical findings are unchanged. There is no evidence of neurological deficits. The claimant has no difficulty walking. She is limited in bending and has decreased range of motion of the lumbar spine but there are no other objective findings to support the degree of pain and limitations alleged. Despite the claimant's complaints her condition has been assessed as stable.

The claimant testified that she is very limited in performing household chores but this appears to be self-imposed as no physician has indicated that she is limited to this degree. The claimant's treating physician was asked to provide an assessment of the claimant's limitations and responded that the claimant would need further evaluation (Exhibit 15F/12). Since that time, the claimant continues to be followed routinely for chronic pain syndrome. Despite the claimant's alleged severe limitations she reported to her treating physician that she had to go to Miami to attend to her nephew (Exhibit 15F/9), which is inconsistent with her allegation of limited ability to function.

> The claimant testified that additional surgery has
> been recommended but the record contains no
> recommendation from a physician or indication that
> additional surgery is needed.

This explanation is reasonable and supported by substantial evidence.  As

previously indicated, no treating physician has opined that the plaintiff is

totally disabled or is unable to perform sedentary work.  On the other hand,

an examining physician has stated that "my conclusion is that the patient is not

going to be able to have a position that requires a lot of lifting or a position

that requires a lot of walking" (Tr. 228).  The law judge's determination that

the plaintiff can perform sedentary work is fully consistent with these

restrictions.

      The plaintiff argues that there are factors that militate in favor of

giving weight to the plaintiff's complaints of pain (Doc. 23, p. 7).  At this

stage, that argument is besides the point.  The issue upon review of the law

judge's decision is not whether there are circumstances that would support a

finding in the plaintiff's favor, but whether the evidence requires a finding in

her favor.  Under the substantial evidence standard, "findings of fact made by

administrative agencies ... may be reversed ... only when the record compels

a reversal; the mere fact that the record may support a contrary conclusion is

not enough to justify a reversal of the administrative findings." <u>Adefemi</u> v.
<u>Ashcroft</u>, 386 F.3d 1022, 1027 (11th Cir. 2004)(<u>en</u> <u>banc</u>), <u>cert</u>. <u>denied</u>, 544
U.S. 1035 (2005). This principle would seem to apply rigorously to a
credibility determination in light of the law judge's opportunity to assess the
plaintiff's demeanor.

The plaintiff also tries to chip away at the credibility
determination by asserting that some of the factors identified by the law judge
are not as weighty as the law judge thought they were.  In the first place, this
argument is unpersuasive since the law judge has been given the responsibility
to determine what weight to give to credibility factors.  In all events, the
plaintiff's arguments do not show that the law judge's assessment of the
factors was inappropriate.

Thus, for example, the plaintiff's complains about the law judge
giving weight to the doctor's note commenting that the plaintiff had to go to
attend to a nephew in Miami (Tr. 328).  She says there is no indication of the
nature and length of this attendance (Doc. 23, p. 7).  However, in light of the
plaintiff's testimony, which depicts a person who is virtually incapacitated,
any trip to Miami to attend to a nephew would strongly contradict the
plaintiff's testimony.

In addition, the plaintiff challenges the law judge's reliance on a statement by an examining doctor in 2000 that the plaintiff "exaggerates her back pain out of proportion to her physical exam" (Tr. 172), because those statements were made in June 2000 in connection with a prior application for benefits.  However, the law judge could reasonably conclude that, since the plaintiff exaggerated her complaints in connection with a prior application, she would do the same on her current applications.

The plaintiff also tries to get some mileage out of the fact that the decision does not identify which treating physician stated that he or she was unable to find any reason why the claimant's pain was not getting better (Doc. 23, p. 6).  That comment, however, is clearly contained in the record, along with the additional remark that the doctor doesn't know why the plaintiff "has to have percocet" (Tr. 208).

Finally, the plaintiff criticizes the law judge for discounting the plaintiff's testimony because she said a doctor had suggested surgery, and there is no indication in the record that additional surgery is needed (Tr. 21). The plaintiff asserts that Dr. Joseph E. Schreier had suggested surgery (Doc. 23, p. 8).  Dr. Schreier, however, merely said that the plaintiff "possibly" requires surgery (Tr. 179).  Moreover, he said that in September 1999, which

was two years before the current alleged disability onset date and which statement preceded significant employment by the plaintiff (see Doc. 24-1, p. 2).   In addition, the plaintiff's testimony was that surgery had been recommended in 2001 (Tr. 330), which would have been relevant to the applications based upon an alleged disability onset date of October 15, 2001. The plaintiff has not pointed to any evidence in the record showing that, as the plaintiff testified, there was a recommendation for surgery during the time period with which the law judge was concerned.

In sum, the law judge, in making her credibility determination, used the proper legal principles and gave a reasonable explanation for that determination, which is supported by substantial evidence.   Neither the plaintiff nor this court is authorized to second-guess the credibility finding. Moreover, the plaintiff's attempts at second-guessing it are unpersuasive. Consequently, there is no basis for overturning the credibility determination. And since the plaintiff did not develop any other argument, the decision will be affirmed.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED.

The Clerk is directed to enter judgment accordingly and to close this case.

DONE and ORDERED at Tampa, Florida, this 19th day of December, 2006.


THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE